UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY DARCEL WHITE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-06804** |
| **SOCIAL SECURITY ADMINISTRATION** | **SECTION "H" (4)** |

## REPORT AND RECOMMENDATION

This is an action brought pursuant to **Title 42 U.S.C. § 405(g)** for judicial review of a final decision of the Commissioner of Social Security denying Terry Darcel White's claim for Disability Insurance Benefits under the Social Security Act.  The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

## I.    Factual Summary and Procedural History

Terry Darcel White ("White") filed a request for Social Security Disability Insurance Benefits on May 09, 2011 as a result of Post-Traumatic Stress Disorder ("PTSD"), back problems, skin disorder and headaches.[1]  White is a 304 pound, 5'9", fifty-eight-year-old male with a college education.[2]  He has worked as a  courier, a veterans services representative, and as a mortuary specialist.[3]

---

[1]Rec. Doc. No. 6-4, Tr. 172

[2]Rec. Doc. No. 6-5, Tr. 195; Rec. Doc. No. 6-2, Tr. 16.

[3]Rec. Doc. No. 6-5, Tr. 202.

White alleges that the onset date of his disability was May 1, 2011.[4]  The application for disability determination was denied on August 15, 2011.[5]  The administration concluded that his condition was not disabling.[6] He thereafter requested an administrative hearing on October 7, 2011.[7]

On  August 17, 2012, the Administrative Law Judge ("ALJ") presiding over the hearing denied White's request for disability insurance benefits.[8]  The ALJ found that White had not engaged in substantial gainful activity since May 1, 2010.[9]  He found that White had severe impairments consisting of obesity, degenerative disc disease of the lumbar spine, plantar fasciitis, headaches, depression, and PTSD.[10]

He further found that White had a non-medically determinable impairment or combination of impairments consisting of diabetes and hypertension, which were characterized as slight abnormalities having a minimal effect on White such that they would not affect his ability to work.[11] The ALJ further found that there was no evidence of end organ damage.[12]

The ALJ also found that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to stand twenty minutes at a time

---

[4]Rec. Doc. No. 6-4, Tr. 172.

[5]Rec. Doc. No. 6-3, Tr. 94.

[6]*Id.*

[7]Rec. Doc. No. 6-2, Tr. 12.

[8]*Id.*, Tr. 12-23.

[9]*Id.*, Tr. 14 (Finding 2).

[10]*Id.* (Finding 3).

[11]*Id.*, Tr. 15.

[12]*Id.* (Finding 4).

and is able to sit for thirty minutes at a time, but then needs to stand and stretch.[13]  He also found that White is precluded from climbing ladders, ropes, and scaffolds, and is limited to the occasional climbing of ramps and stairs, stooping, kneeling, crouching and crawling.[14]  The ALJ further held that White must avoid concentrated exposure to extreme cold, is unable to work at unprotected heights, and is limited to the occasional contact with the general public.[15]

The ALJ held that White is capable of performing past relevant work as a claims processor.[16]  This work according to the ALJ does not require the performance of work-related activities precluded by the claimant's residual functional capacity.[17]  Finally, the ALJ held that White has not been under a disability from May 1, 2010 through the date of the decision.[18]

On October 5, 2012, White requested a review of the hearing decision,[19] which was denied on November 14, 2013.[20]  On December 30, 2013, he thereafter filed the instant application seeking review of the ALJ's decision.  In the complaint he generally alleges that the ALJ's decision adversely affects him in whole or in part and therefore he seeks review of the decision.[21]

---

[13]Rec. Doc. No. 6-2, Tr. 16.

[14]*Id.*

[15]*Id.* (Finding 5).

[16]*Id.*, Tr. 22 (Finding 6).

[17]*Id.*

[18]*Id.*, Tr. 23 (Finding 7).

[19]*Id.*, Tr. 7-8.

[20]*Id.*, Tr. 1-6.

[21]Rec. Doc. No. 1.

The Commissioner in response contends that the ALJ's decision was based upon substantial evidence. The Commissioner contends that the ALJ properly considered the medical opinions of record and that the ALJ properly considered White's VA disability rating.[22]

## II.   Issue

The issues presented for review are:

1.    Whether the ALJ erred when he gave significant weight to the opinion of Dr. Milana Mandich and failed to include all the limitations; namely that White had the ability to sit for up to 4 hours day.

2.    Whether the ALJ committed legal error by failing to evaluate and explain the weight given to White's VA disability rating.

## III.   Standard of Review

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the determination of the fact finder. The Court may not re-weigh the evidence, try issues *de novo* or substitute its judgment for that of the secretary.  *Allen v. Schweitker*, 642 F.2d 799, 800 (5th Cir. 1981).  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389 (1971); *see also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981) (citations omitted).

Substantial evidence is more than a scintilla and less than a preponderance, and is considered relevant such that a reasonable mind might accept it as adequate to support a conclusion.  *See Richardson*, 402 U.S. at 401.  It must do more than create a suspicion of the existence of the fact to be established, and only where there is a "conspicuous absence of credible choices" or "contrary

---

[22]Rec. Doc. No. 12, p. 2, 4.

medical evidence" will no "substantial evidence" be found. *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

The concept of disability is defined in the Social Security Act as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a constructive period of not less than twelve months." *See* 42 U.S.C. §§ 416(i)(1), 423 (d)(1)(A). Section 423(d)(3) of the Act further defines "physical or mental impairment" as meaning "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

In determining whether a claimant is capable of engaging in any substantial gainful activity, the Commissioner applies a five-step sequential evaluation process. The rules governing the steps of this evaluation process are: (1) a claimant who is working and engaging in a substantial gainful activity will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at step five. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

**IV.**    <u>Analysis</u>

    **A.**    <u>Whether the ALJ erred when he gave significant weight to the opinion of Dr.<br>Milana Mandich and failed to include all the limitations; namely that White had<br>the ability to sit for up to 4 hours day?</u>

White contends that the ALJ erred when he gave significant weight to the opinion of Dr. Milana Mandich but failed to include the limitation that Smith had the ability to sit for up to 4 hours a day.[23]  As a result, White contends that the ALJ's decision is not based upon substantial evidence.

The Commissioner contends that White's point is moot because the ALJ found that Dr. Mandich's opinion was only entitled to "significant weight" and not controlling weight.[24]  The Commissioner contends that the ALJ recognized Dr. Mandich's statement that White's physical examination was completely unremarkable except for his weight.[25]  The Commissioner further contends that to the extent that the ALJ erred in not including the four hour sitting limitation in the residual functional capacity finding, the error is harmless and the plaintiff has failed to show harmful error.[26]

The ALJ found that the claimant's statements regarding the severity of his impairments or the degree of his limitations fully credible.[27]  The ALJ found that White's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the ALJ found that White's statements concerning the intensity, persistence and limiting effects of these

---

[23]Rec. Doc. No. 11, p. 3.

[24]Rec. Doc. No. 12, p. 3.

[25]*Id.*

[26]*Id.*

[27]Rec. Doc. No. 6-2, Tr. 21.

symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.[28]

The ALJ noted that while White received outpatient psychiatric care for his depression and PTSD through the VA, the notes indicated a good response to medication.[29]  The ALJ noted that the musculoskeletal complaints–which was determined to be plantar fasciitis and was treated with a boot–were not as severe as alleged because White declined surgery to treat his feet.[30]

Next, the ALJ noted that White suffered with back pain, which according to an MRI indicated that he had bulging discs without herniation.[31]  It was further noted that White's physical examination on July 28, 2011 was unremarkable except for his weight.[32]  The ALJ further noted that White suffered with headaches for over thirty years which worsened over time.  The ALJ noted, however, that his testimony regarding his headaches was inconsistent with a February 20, 2012 progress note wherein he noted that he has not had severe headaches since starting treatment.[33]

In addition to other limitations, the ALJ noted White's testimony that he was not able to sit for more than twenty minutes at a time, and even noted that White was able to sit throughout the entire hearing which lasted over eighty minutes.[34]  The ALJ  gave significant weight to the opinion

---

[28]*Id.*

[29]*Id.*

[30]*Id.*

[31]*Id.*

[32]*Id.*

[33]*Id.*

[34]Rec. Doc. No. 6-2, Tr. 22.

of Dr. Mandich's July 2011 consultative examination in which White's physical examination was described as completely unremarkable except for his weight.[35]

In reviewing the ALJ's opinion, the Court notes that the ALJ did not include the four hour sitting limitation noted by Dr. Mandich although he gave "significant weight" to his opinion. The Court however finds that the ALJ has noted White's own testimony that he could not sit for more than twenty minutes. In contrast, the ALJ observed that White was able to sit for one hour and twenty minutes. Further, White fails to provide any information that the ALJ's failure to reference the four hour sitting limitation would cast doubt on the propriety of the ALJ's finding.

**B.     Whether the ALJ committed legal error by failing to evaluate and explain the weight given to White's VA disability rating?**

White contends that the ALJ erred when he failed to evaluate and explain the weight given to White's VA disability rating.[36]  In reliance upon his position, White references *Chambliss v. Massanari*, 269 F.3d 520 ( 5th Cir. 2001), which held that evidence of the VA rating is entitled to a certain amount of weight and must be considered by the ALJ.[37]  As a result, White contends that the decision is not based upon substantial evidence.

The Commissioner contends that the ALJ was not required to discuss the VA disability rating and that the weight given to it was not erroneous.[38]  The Commissioner contends that unlike *Chambliss*, White's claim does not involve total disability.[39]  The Commissioner further contends

---

[35]*Id.*

[36]Rec. Doc. No. 11, p. 9.

[37]*Id.* at 8.

[38]Rec. Doc. No. 12, p. 4.

[39]*Id.* at 4.

that even if the ALJ was required to discuss the VA rating, White failed to show that the error was harmful.[40]

A VA rating of total and permanent disability is not legally binding on the Commissioner because the criteria applied by the two agencies is different, however, it is evidence that is entitled to a certain amount of weight and must be considered by the ALJ.  *Chambliss*, 269 F.3d at 522.  The Fifth Circuit in *Chambliss* held that ALJs need not give "great weight" to a VA disability determination if they adequately explain the valid reasons for not doing so. *Id.*

While the Fifth Circuit in *Chambliss* considered the VA's determination of total disability and gave it diminished weight, it also noted that the ALJ provided specific reasons for giving the VA determination diminished weight. *Id.* at 522-23. The Fifth Circuit noted that because the ALJ considered the VA disability determination and set forth valid reasons for giving the determination diminished weight, it affirmed the ALJ's decision to not give great weight to the VA disability determination. *Id.* at 523.

In this case, the VA concluded that White had a total service connected disability of 50%. It further indicated that he was 30% disabled due to major depressive disorder and 30% disabled due to migraine headaches.  There is no evidence in the record that the ALJ considered the VA service connected disability as required.

20 CFR 404.1504 and 416.904 provide that an ALJ is required to evaluate all the evidence in the case record that may have a bearing on the determination or decision of disability, including decisions by other government and nongovernmental agencies.  The regulations do not distinguish between requiring consideration of full or partial determinations as suggested by the Commissioner.

---

[40]*Id.* at 5.

Both the SSA and VA programs have detailed regulatory schemes that promote consistency in the adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims.  The VA criteria for evaluating disability are very specific and translate easily into the SSA's disability framework. *See Shotwell v. Astrue*, No. 2:10-cv 00349, 2011 WL 3348099, at *3 (D. Ariz. Aug. 3, 2011).

However, the hearing decision does not  identify or otherwise explain the weight given to the determination.  This was error. *See Speagle v. Astrue*, No. 3:08-cv1046, 2010 WL 750341, at *5 (M.D. Fla.  Mar. 4, 2010) (remanding where "the ALJ made no reference to the VA's disability rating [because] it [was] impossible to determine whether the ALJ simply overlooked the VA's disability rating, or whether the VA's disability rating was given the appropriate weight"); *Smith v. Astrue*, No. 3:08-cv-406, 2009 WL 3157639, at *7 (M.D. Fla. Sept. 25, 2009) (finding that the ALJ's conclusory reference to the VA disability determination, without a discussion of the weight given to it, warranted remand for the ALJ to apply the correct legal standard); SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006) (noting that the ALJ "should explain the consideration given to [other governmental agency] decisions"); *see also Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981) ("*A VA rating* is certainly not binding on the Secretary, but it *is evidence that should be considered and is entitled to great weight*." (emphasis added)).

Further if White is 50% disabled due to three conditions according to the VA, the ALJ should consider the impact, if any, of this service connected disability in connection with the other severe impairments that White suffers from including obesity, degenerative disc disease of the lumbar spine, plantar fasciitis, and PTSD.  *See Welch v. Barnhart*, 337 F. Supp. 2d 929 (S.D. Tex. 2004) (holding that a less than 100% VA disability rating is not dispositive of the legal issue where the

ALJ was required to consider the rating; noted rating of 70%). At the very least, the ALJ is required to comply with the regulations and delineate the weight given to the VA's determination. Therefore, the ALJ's decision is not based upon substantial evidence.

## V.    Recommendation

For the reasons assigned herein, it is **RECOMMENDED** that the ALJ's decision denying Terry Darcel White's Disability Insurance Benefits be **REVERSED** and **REMANDED** for consideration of all the evidence. Specifically, the ALJ should be instructed to fully consider the VA disability rating and the weight given to the agency's determination.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 10th day of December, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**